UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

No. 07 Civ. 1111 (RJS) (RLE)

KESTON WATSON,

Petitioner,

VERSUS

PEOPLE OF THE STATE OF NEW YORK, et al.,

Respondents.

ORDER ADOPTING REPORT AND RECOMMENDATION
October 6, 2011

RICHARD J. SULLIVAN, District Judge:

Petitioner Keston Watson ("Petitioner") brings this timely filed *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). Before the Court are the Report and Recommendation ("Report") of the Honorable Ronald L. Ellis, Magistrate Judge, recommending denial of the Petition, and Petitioner's objections to the Report. For the following reasons, the Court adopts the Report in its entirety. Accordingly, the Petition is DENIED.

I. BACKGROUND[1]

On the night of July 2, 2003, several members of the New York City Police Department's Bronx narcotics unit participated in a "buy-and-bust" operation in which an undercover detective purchased crack cocaine from Petitioner. (Tr. 346, 591, 600.) The undercover detective then transmitted by radio a description of Petitioner, including his race, sex, clothing, approximate age, and haircut, to a team of officers who stopped Petitioner upon

---

[1] The following facts were established at trial and are summarized here. In reviewing the Petition and Report, the Court has considered the Transcript of Petitioner's trial in the Supreme Court of New York, Bronx County ("Tr."), the Petition ("Pet."), the State of New York's Affidavit in Opposition ("Opp."), Petitioner's Traverse ("Traverse"), and Petitioner's Objections to the Report ("Obj.").

determining that he fit the description. (*Id.* at 360-61, 365-66.) During the stop, the undercover detective drove past the scene and positively identified Petitioner as the seller, prompting the officers to place Petitioner under arrest. (*Id.* at 369-71.) Upon arrest, the officers recovered from Petitioner's pocket prerecorded "buy money," which had been photographed in advance of the operation and then used by the undercover detective in his purchase of narcotics from Petitioner. (*Id.* at 372-73, 385.)

In the Supreme Court of New York, Bronx County, Petitioner was charged with criminal sale of a controlled substance. Prior to trial, Petitioner moved to suppress all pretrial identifications of Petitioner on the grounds that any such identification would be "the fruit of an illegal arrest." (Opp. Ex. 4, at 5-7.) Specifically, Petitioner's counsel contended that the police lacked probable cause for the arrest and that the arresting officer could not independently recall the radioed description of the perpetrator. (*Id.* at 6-7) The trial court denied suppression without a hearing, noting that "because the risk of misidentification is slight" in these kinds of operations a hearing was not appropriate. Nevertheless, the court granted Petitioner leave to resubmit his motion "upon appropriate allegations of fact" supporting Petitioner's claim of illegal arrest. (*Id.* Ex. 5.) Petitioner's trial counsel never resubmitted the motion. At trial, the undercover detective, the officer assigned to follow the undercover detective during the operation, and the arresting officer all testified. (Tr. 346, 490, 585.) A jury convicted Petitioner of criminal sale of a controlled substance in the third degree, and on June 17, 2004 the Supreme Court entered judgment against Petitioner and imposed a sentence of four and a half to nine years' imprisonment. (Opp. Ex. 6.)

Petitioner appealed his conviction, claiming ineffective assistance of counsel. The Appellate Division unanimously affirmed Petitioner's conviction on April 25, 2006. (Opp. Ex. 3.) Petitioner also applied for resentencing pursuant to N.Y. Crim. Proc. Law § 440.20, which the Supreme Court of New York denied on June 28, 2005. (Pet. 3-4.)

Petitioner filed the Petition on July 31, 2006 in the Northern District of New York. The case was transferred to this District on February 14, 2007 and reassigned to my docket on September 4, 2007. By Order dated January 12, 2009, the Court referred the case to the Honorable Ronald L. Ellis, Magistrate Judge, for a Report and Recommendation on the petition. (Doc. No. 11.) Judge Ellis issued the instant Report on May 10, 2011, recommending that the Petition be denied. Petitioner submitted timely objections dated May 23, 2011 and received in Chambers on May 26, 2011.

II. DISCUSSION

A. Legal Standard

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a magistrate's report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent that a party makes specific objections to a magistrate's findings, the court must undertake a de novo review of Petitioner's objections. *See* 28 U.S.C. § 636(b)(1);

2

*United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

*Pro se* filings are read liberally and interpreted "to raise the strongest arguments that they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks omitted); however, where objections are "conclusory or general," or where the petitioner "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie*, No. 96 Civ. 0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted)); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008).

B. Analysis

1. Ineffective Assistance of Counsel

Petitioner objects to Judge Ellis's findings on his ineffective assistance counsel claims in terms of both "form" and "substance." First, Petitioner objects to Judge Ellis's approach to his ineffective assistance of counsel claim, arguing that Judge Ellis's "substitution of his opinion on the issue of the success of the motion . . . is misplaced and serves to circumvent the central issue altogether." (Obj. 2.) The applicable standard, according to Petitioner, was set forth by the New York Court of Appeals in *People v. Caban*, which holds that "even in the absence of a reasonable probability of a different outcome, inadequacy of counsel will still warrant a reversal whenever a defendant is deprived of a fair trial." (*Id.* at 5 (quoting *People v. Caban*, 833 N.E.2d 213, 222 (N.Y. 2005).)

To establish an ineffective assistance of counsel claim under the Sixth Amendment, a petitioner must prove (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). The second prong thus requires a federal court reviewing a petition for a writ of habeas corpus to make the merits-based judgment of whether better performance by counsel would have changed the outcome of the case. Even if Petitioner's trial counsel's conduct "fell below an objective standard of reasonableness," the Supreme Court has explained in the context of suppression motions that "the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *see also Lopez v. Greiner*, 323 F. Supp. 2d 456, 479 (S.D.N.Y. 2004) (noting that, to establish prejudice under *Strickland*, petitioner "must demonstrate that a suppression motion would have succeeded").

The federal standard set forth in *Strickland* is more demanding in relevant aspects than the comparable New York constitutional standard. Indeed, in *Caban*, in the portions immediately preceding and following Petitioner's quoted passage, the Court of Appeals distinguished its approach from the federal constitutional standard, stating that New York's "state standard of meaningful representation . . . does not require a defendant to fully satisfy the prejudice test of *Strickland* . . . ." *Caban*, 833 N.E.2d at 222 (internal citations and quotation marks omitted). The prejudice component of New York's meaningful representation standard "focuses on the

3

fairness of the process as a whole rather than its particular impact on the outcome of the case," thus "offer[ing] greater protection than the federal test . . . ." *Id.*

Because the issue in a petition for a writ of habeas corpus under § 2254 is one of federal rights, Judge Ellis did not err in focusing on whether Petitioner's contemplated suppression motion would have succeeded.

Second, Petitioner argues that Judge Ellis relied on an erroneous understanding of New York search and seizure law in denying Petitioner's ineffective assistance of counsel claim. (Obj. 3.) Specifically, Petitioner contends that his trial counsel's performance was deficient in that she failed to argue that Petitioner did not participate in the transaction, a prerequisite to the suppression of evidence in a "buy and bust scenario" under New York law. (*Id.* at 4. (citing *People v. Burton*, 848 N.E.2d 454 (N.Y. 2006)).) Although Petitioner is correct with respect to the requirements of New York law,[2] Petitioner's analysis is seemingly predicated on the assumption that competent counsel would necessarily have moved to suppress evidence arising out of a "buy-and-bust." This assumption, however, is erroneous under the Supreme Court's approach to ineffective assistance of counsel claims. In fact, "failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel"; instead, the court should review counsel's "overall performance" rather than particular acts or omissions. *Kimmelman*, 477 U.S. at 384, 386. In *Kimmelman*, the Court found that trial counsel's representation was constitutionally deficient, but did so on the basis of counsel's "total failure to conduct pretrial discovery" rather than a mere choice not to file a motion. *Id.* at 386. Here, in contrast to that case, it is clear from the record that, after failing to have the identification evidence suppressed, Petitioner's trial counsel attempted to challenge and discredit the officers on the stand, although evidently her efforts were not persuasive to the finder of fact. (*See, e.g.*, Tr. 431-36, 666-68.) Petitioner has not, then, alleged that trial counsel failed wholly to investigate his case. Rather, he has merely demonstrated that trial counsel made strategic decisions regarding how best to challenge the People's case after the trial court found the suppression motion to be factually and legally deficient.

Moreover, even if trial counsel's decision not to resubmit the suppression motion were deemed deficient under the first prong of *Strickland*, the Court concurs with Judge Ellis's conclusion that Petitioner's suppression motion, if filed, would not have been successful. As Judge Ellis explained, assuming the evidence at trial was a reasonably accurate representation of what would have been proffered in a *Dunaway* hearing, there would have been no grounds to suppress the identification because the People set forth sufficient facts to support both the stop and subsequent arrest. *See, e.g., People v. Rosario*, 910 N.Y.S.2d 764 (Sup. Ct. 2010) (finding that undercover officer's testimony "that Defendant had sold

---

[2] *Burton*, 848 N.E.2d at 458 ("In a buy-and-bust scenario, probable cause is generally based upon an accused's participation in a narcotics transaction. To raise an issue of fact that necessitates a hearing, a defendant has to deny participating in the transaction or suggest some other grounds for suppression. In the absence of such a denial, the motion court is left with the People's uncontested averment that the accused participated in the sale or purchase -- which is sufficient on its face to provide probable cause justifying an arrest and ensuing search. In such cases, there may be no fact question pertaining to Fourth Amendment compliance that needs to be resolved by a hearing." (internal quotation marks and citations omitted)).

4

him drugs and the fact that Defendant matched the description of one of the individuals who had sold him drugs constitutes probable cause for Defendant's arrest" (citing *People v. Concepcion*, 655 N.Y.S.2d 921, 927 (Sup. Ct. 1997)). A mere assertion by Petitioner's counsel that Petitioner did not participate in the transaction would not change this result. Since Petitioner was not prejudiced by counsel's failure to resubmit the suppression motion, Petitioner has failed to meet the second prong of the *Strickland* test.

For the foregoing reasons, the Court adopts the portion of the Report recommending denial of Petitioner's ineffective assistance of counsel claim.

### 2. Evidence Obtained Pursuant to Unlawful Arrest

Petitioner argues that Judge Ellis erred in ruling that Petitioner failed to avail himself of his opportunity to fully adjudicate his suppression motion in state court, because Petitioner was represented by counsel that failed to make the motion. (Obj. 6.) Specifically, Petitioner argues that Judge Ellis's focus on "unconscionable breakdown" is "misplaced," and should instead have "centered around the deficiencies of Petitioner's trial counsel and how those deficiencies prejudiced Petitioner's opportunity for a fair trial." (*Id.*)

The Court finds that Judge Ellis applied the correct standard. In the Second Circuit,

> review of fourth amendment claims in habeas petitions [will] be undertaken in only one of two instances: (a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process.

*Cappellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992). Examples of "unconscionable breakdown" include bribery, torture, perjury, and police destruction of evidence. *Kirk v. Burge*, 646 F. Supp. 2d 534, 545 (S.D.N.Y. 2009). As Judge Ellis correctly noted, "ineffective assistance of counsel does not by itself constitute an unconscionable breakdown such that a habeas petitioner may obtain review of a Fourth Amendment claim." *Wallace v. Artus*, No. 05 Civ. 0567 (SHS) (JCF), 2006 WL 738154, at *7 (S.D.N.Y. Mar. 23, 2006); *see also Brown v. De Fillipis*, 717 F. Supp. 2d 172, 179 (S.D.N.Y. 1989). Moreover, even were ineffective assistance of counsel sufficient to establish "unconscionable breakdown," Petitioner has failed to establish that his trial counsel was ineffective.

In any event, Petitioner did not exhaust his Fourth Amendment claim in state court, as the claim "was not raised in Appeal or stressed during trial," nor did he raise it in a motion pursuant to N.Y. Crim. Proc. Law § 440. (Pet. 6.) Pursuant to 28 U.S.C. § 2254, a petition for a writ of habeas corpus challenging a state court conviction should not be granted unless "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Failure to exhaust may only be excused on a showing of good cause, such as ineffective assistance of counsel rising to the level set forth in *Strickland*. *Cf.*

5

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (discussing procedural default), *Vasquez v. Parrott*, 397 F. Supp. 2d 452, 464 (S.D.N.Y. 2005) (citing *Murray* in context of exhaustion). Further, if Petitioner could take his claim no further in state court due to procedural default, such default would only be excused if he could "'demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Because Petitioner has established neither good cause nor prejudice, nor "a fundamental miscarriage of justice," his failure to exhaust his claim is not excused.

For the reasons stated above and by Judge Ellis, the Court adopts the portion of the Report denying Petitioner's claims relating to unlawfully obtained evidence, on grounds of both failure to exhaust and the merits of the claim.

### III. CONCLUSION

After careful review of the Report issued by Judge Ellis, the Court adopts the Report in its entirety. For the reasons set forth therein, IT IS HEREBY ORDERED that Watson's petition for a writ of habeas corpus is denied. In addition, the Court declines to issue a certificate of appealability, finding that Petitioner has not made a substantial showing of a denial of a federal right. *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

RICHARD J. SULLIVAN
United States District Judge

Dated: October 6, 2011
New York, New York

\*\*\*

Petitioner Keston Watson is proceeding *pro se*. Respondent is represented by Nancy Darragh Killian, Bronx District Attorney's Office, 198 E. 161st St., Bronx, New York 10451.

Copies of this order were mailed to:

Keston Watson (sent to two addresses)
04-R-3262
Collins Correctional Facility
P.O. Box 340
Collins, NY 14034-0340

04-R-3262
Wyoming Correctional Facility
P.O. Box 501
Attica, NY 14011-0501